*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. D. BRYANT-JONES, Minor.

UNPUBLISHED
July 18, 2024

No. 365759
Wayne Circuit Court
Family Division
LC No. 2019-001065-NA

Before: GADOLA, C.J., and PATEL and YOUNG, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to her minor child under MCL 712A.19b(3)(c)(*i*), (g), and (j). We affirm.

## I. FACTS

In 2019, respondent left her six-month old child, AJ, in a car with a friend while a drive-by shooting was occurring; respondent meanwhile ran into the house of a friend, presumably to avoid the danger. Fortunately, the child was not injured. When respondent did not return to the car, the friend drove the child to the police station. Respondent was thereafter arrested and temporarily incarcerated for felonious assault; it is unclear whether her arrest was related to the shooting.

Petitioner, the Department of Health and Human Services, filed a petition for temporary custody alleging that it was contrary to AJ's welfare to remain in respondent's care because she left him in a car during the shooting, she was unemployed and homeless, had untreated mental health issues, had a history of substance abuse, and tested positive for marijuana when she gave birth to AJ. The trial court removed the child from respondent's care.

The trial court ordered respondent to participate in a plan to rectify the conditions that caused the child's removal from respondent's care. As part of a treatment plan, the trial court ordered respondent to engage in and benefit from parenting classes, obtain a psychological and psychiatric evaluation and comply with the resulting recommendations, obtain suitable housing, obtain a legal source of income, participate in substance-abuse assessment and treatment, participate in weekly drug screens, visit the child regularly, and maintain regular contact with

-1-

petitioner. During the following two years, respondent did not comply with her treatment plan. Petitioner therefore filed a supplemental petition for permanent custody. The trial court, however, found that insufficient evidence had been presented to establish a statutory basis for termination.

Approximately 16 months later, petitioner again filed a supplemental petition seeking permanent custody of the child and again alleging that respondent had failed to comply with the treatment plan. The trial court found that petitioner had demonstrated that termination of respondent's parental rights was warranted under MCL 712A.19b(3)(c)(*i*), (g), and (j). The trial court found that respondent failed to rectify the issues that led to AJ's removal, despite being given over three years in which to do so. Respondent failed to obtain and maintain suitable housing, provided no support for AJ, failed to participate in and benefit from services to address her substance abuse and mental health issues, and was in no better position to care for AJ than she was when he was removed. Specifically, respondent failed to participate in regular drug screens, substance abuse treatment, and individual therapy. Although she participated in parenting classes, she demonstrated no benefit from the classes, and failed to visit regularly with the child. The trial court also found that termination was in AJ's best interests, despite his placement with relatives, because he needed permanence and stability. Respondent now appeals.

## II. DISCUSSION

## A. STATUTORY BASIS

Respondent contends that the trial court erred by finding that a statutory basis existed warranting termination of her parental rights to AJ. We disagree.

We review for clear error the trial court's factual findings and its determination that a statutory basis for termination has been proven by clear and convincing evidence. *In re Keillor*, 325 Mich App 80, 85; 923 NW2d 617 (2018). The decision to terminate parental rights is clearly erroneous if "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003). A trial court's decision is not clearly erroneous unless it is more than possibly or probably incorrect. *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011). In addition, we afford the trial court's dispositional orders "considerable deference on appellate review." *In re Sanders*, 495 Mich 394, 406; 852 NW2d 524 (2014).

To terminate parental rights, the trial court must find that at least one statutory basis warranting termination under MCL 712A.19b(3) has been proven by clear and convincing evidence. *In re Sanborn*, 337 Mich App 252, 272; 976 NW2d 44 (2021). Although termination may be warranted under more than one statutory basis, only one basis under MCL 712A.19b(3) must be established by clear and convincing evidence to warrant termination of parental rights. *In re Martin*, 316 Mich App 73, 90; 896 NW2d 452 (2016). In this case, the trial court terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j), which provides:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

* * *

(g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Termination of parental rights under MCL 712A.19b(3)(c)(*i*) is warranted when "the totality of the evidence amply supports" the finding that the parent has not achieved "any meaningful change in the conditions" that led to the trial court assuming jurisdiction of the child. *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009). In this case, the record supports the trial court's finding under MCL 712A.19b(3)(c)(*i*) that more than 182 days had elapsed after the issuance of the first dispositional order, the conditions that led to the adjudication continued to exist, and there was no reasonable likelihood that the conditions would be rectified within a reasonable time considering the child's age.

Here, the conditions that led to adjudication were respondent's substance use, homelessness, lack of income, mental health issues, and failure to properly care for the child. Respondent argues that the trial court failed to consider her substantial progress on her treatment plan. We disagree that respondent made meaningful progress on her treatment plan. Respondent was given almost four years to rectify the issues that led to the adjudication before her parental rights were terminated, but respondent failed to obtain suitable housing, failed to demonstrate regular income, failed to participate in the court-ordered drug screening, failed to address her substance use, failed to benefit from her parenting classes, failed to attend individual therapy, and failed to visit AJ or to provide for AJ in any way. See *In re Atchley*, 341 Mich App 332, 339; 990 NW2d 685 (2022) (A respondent-parent must both participate in services and demonstrate sufficient benefit from the services). Respondent failed to rectify any of the conditions that led to the adjudication during the nearly four years she was given to rectify those issues. The trial court therefore did not clearly err by finding that a statutory basis for termination under MCL 712A.19b(3)(c)(*i*) had been established. Because termination is warranted when one statutory basis is proven by clear and convincing evidence, the trial court's finding that termination was warranted under MCL 712A.19b.(3)(c)(*i*) was sufficient to support termination of respondent's parental rights. See *In re Martin*, 316 Mich App at 90.

## B. BEST INTERESTS

Respondent contends that the trial court clearly erred by finding that termination of her parental rights was in the child's best interests. We disagree.

When a statutory basis for termination of parental rights has been established, the trial court must terminate the parent's parental rights if a preponderance of the evidence demonstrates that termination is in the child's best interests. MCL 712A.19b(5); *In re Medina*, 317 Mich App 219, 236-237; 894 NW2d 653 (2016). The focus of the best-interests determination is the child, not the parent. *In re Atchley*, 341 Mich App at 346. We review the trial court's decision regarding a child's best interests for clear error. *Id*.

To determine whether termination of parental rights is in a child's best interests, the trial court is required to weigh all available evidence and consider a wide variety of factors, such as the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, the advantages of the foster home over the parent's home, the length of time the child was in care, the likelihood that the child could be returned to the parent's home in the foreseeable future, and the parent's compliance with the case service plan. See *In re Payne/Pumphrey/Fortson*, 311 Mich App 49, 63-64; 874 NW2d 205 (2015). A parent's substance-abuse history also is relevant to the determination of a child's best interests. *In re Rippy*, 330 Mich App 350, 361; 948 NW2d 131 (2019). The trial court also should consider the child's safety and well-being, including the risk of harm to the child if returned to the parent's care. See *In re VanDalen*, 293 Mich App 120, 142; 809 NW2d 412 (2011). If the child is placed with a relative, the trial court must consider the relative placement, which generally weighs against termination. *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015).

In this case, respondent argues that termination was not in the child's best interests because she was working on her treatment plan, AJ was doing well in his placement, and she and the child were bonded. A review of the record, however, indicates that respondent made no progress in her treatment plan. Respondent failed to obtain suitable housing, and therefore failed to provide a stable and permanent home for the child. Respondent's untreated drug use also indicates that respondent was not progressing in the treatment plan and that termination was in AJ's best interests. See *Rippy*, 330 Mich App at 361 (explaining that a parent's drug use weighs in favor of termination). Respondent also frequently missed visits with the child, which upset AJ and caused respondent's bond with the child to deteriorate. By contrast, the willingness of AJ's relative caregivers to adopt him weighed in support of termination; almost four years had passed since his removal from respondent's care, and AJ needed permanence, stability, and finality. AJ's success in his placement with his relative caregivers also weighed in support of termination.

Respondent argues that the trial court erred by failing to consider AJ's placement with his relatives prior to terminating her parental rights. As noted, a trial court is required to consider a child's placement with relatives at the time of the termination hearing, which generally weighs against termination. *In re Gonzales/Martinez*, 310 Mich App at 434. Here, the trial court complied with this requirement when it explicitly found that termination was in AJ's best interests, despite his placement with relatives, because AJ needed permanence and stability. We conclude that the trial court did not clearly err when it found that termination of respondent's parental rights was in AJ's best interests.

Affirmed.

/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Adrienne N. Young